**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KELLY LIBBY & HOOPES, P.C., and GREENBERG TRAURIG LLP<br><br>                    Plaintiffs,<br><br>v.<br><br>ULICO CASUALTY COMPANY,<br><br>                    Defendant. | Civil Action No. 05-11859 (RCL) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ULICO CASUALTY**
**COMPANY'S MOTION TO DISMISS**

## TABLE OF CONTENTS

Page No.

I.    INTRODUCTION .............................................................................................. 1

II.   FACTUAL BACKGROUND................................................................................ 3

III.  ARGUMENT ..................................................................................................... 5

   A.   The Absent Parties Are Not Necessary Parties or Indispensable Parties Under
        Rule 19. ...................................................................................................... 5

   B.   Ulico Misconstrues the Applicable Standard For Determining Whether
        Dismissal Is Required Under Rule 19. ......................................................... 14

   C.   Even If This Court Finds That the Absent Parties Are Necessary Parties,
        Dismissal Is Not Required........................................................................... 16

IV.   CONCLUSION ................................................................................................. 20

TABLE OF AUTHORITIES

CASES

Acton Co. Inc. of Mass. v. Bachman Foods, Inc., 668 F.2d 76
    (1st Cir. 1982) ........................................................................................ 11,12

Brown v. American International Group, Inc., 339 F. Supp. 2d 336
    (D. Mass. 2004)....................................................................................... 7,9,13

Delgado v. Plaza Las Americas, 139 F.3d 1 (1st Cir. 1998) ............................... 10

Eikel v. States Marine Lines, Inc., 473 F.2d 959 (5th Cir. 1973)......................... 17

Federated Mutual Implement & Hardware Insurance Co. v. Zimmerman,
    33 F.R.D. 8 (1963) ......................................................................................... 8

Ferrofluidics Corp. v. Advanced Vaccuum Components, Inc., 789 F. Supp.
    1201 (D.N.H. 1992) ............................................................................ 5,6,13,14

Hoover v. Gersham Investment Corp., 774 F. Supp. 60 (D. Mass. 1991) .......... 11

International Rediscount Corp. v. Harford Accident and Indemnity Co.,
    425 F. Supp. 669 (D. Del. 1977) .................................................................... 17

Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399 (3d
    Cir. 1993) ........................................................................................................ 10

Lambergs v. Total Health Systems, Inc., No. 88-0670-Z, 1989 WL 63243
    (D. Mass. June 5, 1989)................................................................................. 15

Lennox Industrial, Inc. v. Caicedo Yusti, 172 F.R.D. 617 (D.P.R. 1997)............. 17

Limone v. Condon, 372 F.3d 39 (1st Cir. 2004)................................................... 17

Lopez v. Arraras, 606 F.2d 347 (1st Cir. 1979) .................................................. 11

Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48 (1954) ........................ 8

McCann v. Ruiz, 788 F. Supp. 109 (D.P.R. 1992) .................................... 5,8,13,19

McRanie v. Palmer, 2 F.R.D. 479 (D. Mass. 1942)............................................. 15

Moldflow Corp. v. Simon, Inc., 296 F. Supp. 2d 34 (D. Mass. 2003) .................. 17

- ii -

National Union Fire Insurance Co. of Pittsburgh v. Mass. Municipal
    Wholesale Electric Co., 117 F.R.D. 321 (D. Mass. 1987) ....................... 11,12

Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102
    (1968).................................................................................................... 8,10,14

Rand v. Bath Iron Works Corp., No. Civ. 99-227-P-C, 2000 WL 760730
    (D. Me. 2000) ............................................................................................... 5

Rickles, Inc. v. Frances Denney Corp., 508 F. Supp. 4 (D. Mass. 1981)............ 17

Royal Ins. Co. of Am. v. Caleb V. Smith & Son, Inc., No.
    3:90CV651(WWE), 1997 WL 835058 (D. Conn. June 16, 1997) .......... 8,18,19

Sechrist v. Palshook, 95 F. Supp. 746 (M.D. Pa. 1951) ..................................... 14

The Home Insurance Co. of Illinois v. ADCO Oil Co., 154 F.3d 739
    (7th Cir. 1998) ............................................................................................. 11

Three Rivers Cablevision, Inc. v. City of Pittsburgh, 502 F. Supp. 1118
    (W.D. Pa. 1980) ........................................................................................... 15

Travelers Indemnity Co. v. Crown Cork & Seal Co., 865 F. Supp. 1083
    (S.D.N.Y. 1994)......................................................................................... 8,16

Wright Farms Construction, Inc. v. Kreps, 444 F. Supp. 1023 (D. Vt. 1997) ...... 17

## I.    <u>INTRODUCTION</u>

In this case, plaintiffs Kelly Libby & Hoopes, P.C. ("KLH") and Greenberg Traurig LLP ("Greenberg Traurig") (collectively, the "Unpaid Law Firms") seek damages for defendant Ulico Casualty Company's ("Ulico") breach of its agreement to pay the fees and expenses incurred by the Unpaid Law Firms for their representation of Ulico's insureds.  After the Unpaid Law Firms properly notified Ulico that they were negotiating settlements and possible plea agreements for Ulico's insureds, Ulico breached its agreement with the Unpaid Law Firms by refusing to pay any further fees, including past fees that already had been incurred and submitted by the Unpaid Law Firms to Ulico.

Instead of addressing the merits of the action, Ulico has moved to dismiss ("Motion") the complaint for failure to join certain supposedly necessary parties.  Ulico's Motion, however, should be denied for the following reasons:

- Based on the allegations in the Unpaid Law Firms' complaint, the only "necessary" parties to this action are Ulico and the Unpaid Law Firms;

- This Court can accord complete relief to the parties in this action without joining any absent parties;

- No parties other than Ulico and the Unpaid Law Firms have an interest in this action that rises to the level required to make them "necessary," and if any such interests exist, they are adequately protected; and

- A complete analysis under Federal Rule of Civil Procedure Rule 19 demonstrates that there are no absent parties that are "indispensable" to this action.

Ulico makes several faulty assumptions and arguments in its Memorandum of Law in Support of Defendant Ulico Casualty Company's Motion to Dismiss (the "Ulico Memo").

First, Ulico overstates the scope of this action when it contends that the Unpaid Law Firms seek a "final determination of the parties' respective rights and obligations" under a contract for trustee and fiduciary liability insurance (the "Ulico Policy")".[1] See Ulico Memo at 7. This is not the case. The Unpaid Law Firms' complaint in this action (the "Complaint") contains six causes of action against Ulico arising out of Ulico's breach of its agreements with the Unpaid Law Firms. Complaint at ¶¶ 49-86. Only two of these six causes of action are connected in any way to the Ulico Policy, and even these two causes of action do not require the expansive determination of coverage responsibilities that Ulico suggests.[2] Accordingly, this Court can accord complete relief in this action without joining the Absent Parties.

Second, Ulico incorrectly argues that the Absent Parties are necessary parties who have an interest in this action that could be impaired or impeded. Ulico Memo at 10-13. The Unpaid Law Firms' claim in this case, however, is limited to the payment of the Unpaid Law Firms' fees expended in defending Messrs. Carnes and Cashman, which Ulico agreed to pay. Based on the direct relationship between the Unpaid Law Firms and Ulico, and the specific relief requested by the Unpaid Law Firms, the Absent Parties are not necessary parties.

Third, despite Ulico's argument to the contrary, the Absent Parties' interests are not implicated by the Unpaid Law Firms' claim and would not be impaired

---

[1]    The Ulico Policy was issued by Ulico to Teamsters Union 25 Health Services and Insurance Plan and Teamsters Care Staff 401(k) Plan. Messrs. Carnes and Cashman served as trustees of one of these Plans and are, therefore, considered insureds under the Ulico Policy. The two Plans and Messrs. Carnes and Cashman are hereinafter referred to as the "Absent Parties".

[2]    See Count II ("Breach of Policy as Third Party Beneficiaries") and Count V ("Breach of Covenant and Duty of Good Faith and Fair Dealing"). Complaint ¶¶ 55-63; 76-79.

or impeded if the action is permitted to proceed without them. Ulico bases this argument on its assertion that the Ulico Policy leaves the Absent Parties ultimately responsible for the legal fees that the Unpaid Law Firms seek from Ulico. Even assuming that this were true, it does not make the Absent Parties necessary parties to this action. Courts have been clear to distinguish between an absent party's interest in the specific claim before the court and the absent party's interest in a separate action against the defendant. Only the former interest is sufficient to qualify the absent party as "necessary". Accordingly, because the Unpaid Law Firms are not seeking a determination of the Absent Parties' rights or obligations, the Absent Parties' interests are not implicated by this Court's adjudication of the Unpaid Law Firms' claim.

Fourth, Ulico applies the wrong standard in connection with its motion to dismiss by focusing solely on the first part of Rule 19, which determines when a party is "necessary" to an action. Under Fed. R. Civ. P. Rule 12(b)(7), an action only can be dismissed once a party is determined to be "indispensable" under the complete analysis mandated by Rule 19. In failing to acknowledge the "indispensable" standard that applies to motions to dismiss, Ulico conducts an incomplete analysis under Rule 19 and ignores the well-established case law holding that there are numerous scenarios in which the failure to join a "necessary" party does not warrant dismissal of an action.

Accordingly, as explained more fully below, this Court should deny Ulico's motion to dismiss.

## II.    **FACTUAL BACKGROUND**

The Unpaid Law Firms are seeking relief from this Court based on Ulico's improper refusal to pay fees and expenses incurred in the investigation, defense and settlement of claims brought against Ulico's insureds. Complaint at ¶ 2. Throughout

the course of the underlying action, the Unpaid Law Firms and Ulico had between and

among them an independent, ongoing relationship and agreements concerning Ulico's

payment of the Unpaid Law Firms' legal fees, as evidenced by the following:

> • Ulico provided KLH with "Litigation Management Guidelines,"
> which set forth the terms and conditions of the agreement between
> Ulico and KLH and contained the conditions that KLH was obligated
> to satisfy in return for payment by Ulico.  KLH signed and returned
> a copy of the Litigation Management Guidelines indicating KLH's
> acceptance of Ulico's requirements;
>
> • Ulico negotiated an agreement with Greenberg Traurig similar to
> the Litigation Management Guidelines, which set forth the terms
> and conditions of the agreement between Ulico and Greenberg
> Traurig and contained the conditions that Greenberg Traurig was
> obligated to satisfy in return for payment by Ulico;
>
> • Ulico negotiated with the Unpaid Law Firms regarding certain
> terms and conditions of the agreements between the Unpaid Law
> Firms and Ulico;
>
> • Ulico confirmed its promise to the Unpaid Law Firms to pay for the
> representation of its insureds;
>
> • The Unpaid Law Firms requested Ulico's consent with respect to
> certain expenditures, as set out by the terms of the agreements
> between the Unpaid Law Firms and Ulico; and
>
> • The Unpaid Law Firms reported to Ulico's claim representative,
> who provided direction and approval for the defense costs.

Complaint at ¶¶ 20-30.  The Absent Parties were not involved in any of these

communications, and these matters were negotiated solely between Ulico and the

Unpaid Law Firms.

In spite of its promises to the Unpaid Law Firms, upon which the Unpaid

Law Firms relied, Ulico asserts that it has no obligation to pay further legal fees

(including past fees already submitted to Ulico) after Ulico's insureds entered into plea

agreements.  Complaint at ¶ 36.  Ulico's refusal to pay the Unpaid Law Firms is a

breach of the agreements, both express and implied, between the Unpaid Law Firms and Ulico. Complaint at ¶¶ 23, 25, 48. Accordingly, the Unpaid Law Firms seek the value of their services and other damages arising out of Ulico's breach.

As set forth further below, because the Unpaid Law Firms and Ulico are the only parties necessary for complete resolution of this dispute, Ulico's motion to dismiss should be denied.

## III.    ARGUMENT

### A.    The Absent Parties Are Not Necessary Parties or Indispensable Parties Under Rule 19.

Under a correct application of Rule 19, this Court should deny Ulico's motion to dismiss for several reasons: (1) the Absent Parties are not necessary parties to the resolution of the Unpaid Law Firms' claims; (2) even assuming this Court finds that the Absent Parties are necessary (which they are not), these parties can be joined to the action; and (3) even if this Court finds that joinder of the Absent Parties is not feasible, the Court should allow the action to proceed in "equity and good conscience" because the Absent Parties are not indispensable.

Ulico bears the burden of proving that the Absent Parties are necessary to the present action. Ferrofluidics Corp. v. Advanced Vaccuum Components, Inc., 789 F. Supp. 1201, 1208 (D.N.H. 1992) ("the party making the Rule 19 motion has the burden of proof"); McCann v. Ruiz, 788 F. Supp. 109, 121 (D.P.R. 1992) (same); Rand v. Bath Iron Works Corp., No. Civ. 99-227-P-C, 2000 WL 760730 (D. Me. 2000) (holding that a Fed. R. Civ. P. 12(b)(7) motion to dismiss must be denied where a moving party failed to show why an absent party could not be joined). Ulico has failed to meet this heavy burden and has misapplied the standards under Rule 19 and Rule 12(b)(7).

Ulico claims that the Absent Parties are necessary parties based on its erroneous assertions that: (1) this Court must decide the scope of Ulico's coverage in order to accord relief to the Unpaid Law Firms; and (2) because the Absent Parties are the actual insured parties under the Ulico Policy, they are necessary parties. Ulico Memo at 9-10. Despite Ulico's assertions, the Unpaid Law Firms' claims are not based on the Ulico Policy, but on their own independent dealings and agreements with Ulico. Thus, the Court need not construe the terms of the Ulico Policy in order to decide the present action.

> Under Rule 19(a), a party is "necessary" if
>
> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
> > (i) as a practical matter impair or impede the person's ability to protect that interest or
> >
> > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Pro. 19(a). This test shows that the Absent Parties are not necessary to the resolution of the Unpaid Law Firms' claims against Ulico.

     1.   <u>This Court Can Accord Complete Relief Without Joining the Absent Parties.</u>

"A party is indispensable only if the claims raised cannot be adjudicated without it." <u>Ferrofluidics Corp.</u>, 789 F. Supp. at 1208. The Unpaid Law Firms' claims against Ulico in this action can be resolved <u>completely</u> by this Court without joining the Absent Parties. The Unpaid Law Firms are not seeking a determination of the scope of

coverage available to the Absent Parties. Instead, the Unpaid Law Firms merely seek legal fees that were promised to them by Ulico in order to induce them to provide the valuable services rendered. Complaint at ¶¶ 41-48. The issues on which this claim turns – the amount of legal fees owed to the Unpaid Law Firms and whether Ulico made a binding commitment to pay these fees – do not involve the Absent Parties.

The Court's determination of the Unpaid Law Firms' claims will completely resolve the issues between the named parties. As such, under Brown v. American International Group, Inc., 339 F. Supp. 2d 336 (D. Mass. 2004), this Court should find that the Absent Parties are not necessary parties. In Brown, the court held that not all of the insureds under a particular insurance policy were necessary parties because, as here, "[t]he relief sought here is not a general declaration of [the insurance company's] duties, but rather a specific determination of its duties to the [p]laintiffs." Id. at 342. Such relief is exactly what the Unpaid Law Firms are seeking in the present action – a specific determination of Ulico's obligations to the Unpaid Law Firms. Therefore, as in Brown, this Court should find that in the present case, "the absence of the other individual insureds poses no bar to according complete relief among those already parties." Id. at 343.

Ulico unsuccessfully attempts to distinguish Brown on the ground that the plaintiffs in that case comprised a group of several insureds that did not include all of the named insureds, whereas here, neither party is a named insured. Ulico Memo at 8, n.3. In fact, this distinction only makes Brown that much more applicable: if a court properly may accord complete relief to certain named insureds under an insurance

policy without the presence of the remaining insureds, then it certainly can accord relief between two parties whose relationship exists independent of the insurance policy.

Ulico's attempt to distinguish <u>Brown</u> also ignores well-settled case law holding that there is no bright-line requirement that insurance companies or insureds must be considered necessary parties in disputes involving their insurance policies. <u>See, e.g.</u>, <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102 (1968) (holding that even though insured had an interest affected by the action, where it was not feasible to join him, insured "did not have an absolute, substantive right to be joined and thus was not an 'indispensable party' whose nonjoinder required dismissal of the action."); <u>Lumbermen's Mut. Cas. Co. v. Elbert</u>, 348 U.S. 48 (1954) (holding that failure to join insured did not deprive federal district court of jurisdiction); <u>Royal Ins. Co. of Am. v. Caleb V. Smith & Son, Inc.</u>, No. 3:90CV651(WWE), 1997 WL 835058, at * 2 (D. Conn. June 16, 1997) (holding that complete relief among the parties could be accorded despite absent insured); <u>Travelers Indem. Co. v. Crown Cork & Seal Co.</u>, 865 F. Supp. 1083, 1089 (S.D.N.Y. 1994) (holding that the court could resolve the present action without joining other primary and excess insurance carriers); <u>McCann v. Ruiz</u>, 788 F. Supp. 109, 121 (D.P.R. 1992) (holding that a court has discretion to shape its decree to accord relief to the present parties without joining others); <u>Federated Mut. Implement & Hardware Ins. Co. v. Zimmerman</u>, 33 F.R.D. 8 (1963) (holding that where federal district court's requiring joinder of insureds as necessary parties would deprive court of jurisdiction, court could exercise its discretion to proceed without such joinder).

Accordingly, this Court can accord complete relief between the Unpaid Law Firms and Ulico without joining the Absent Parties, who are not necessary parties.

2.    <u>The Absent Parties Are Not Necessary Parties Because They Have
No Interest in the Action Between Ulico and the Unpaid Law Firms.</u>

The Unpaid Law Firms' claim in the present action is limited to the

payment of the Unpaid Law Firms' fees.  The Absent Parties' interests are not

implicated by this claim.  The Unpaid Law Firms and Ulico have a relationship and

agreements independent from the Ulico Policy, which allows the Unpaid Law Firms to

seek relief directly from Ulico.  Complaint at ¶¶ 20-30.  As pleaded, the Unpaid Law

Firms' causes of action against Ulico are based on Ulico's conduct and the separate

agreements between Ulico and the Unpaid Law Firms – not on the Ulico Policy.

Complaint at ¶ 1, 49-86.

The Absent Parties' interests are not implicated in the present action.

Their interests will not be impaired or impeded, nor will Ulico be subjected to additional

litigation on the same claims, if the Absent Parties are not joined.  Ulico asserts that the

Absent Parties have an interest in the subject of this action because they ultimately

would be responsible for the legal fees that the Unpaid Law Firms seek from Ulico.  The

Unpaid Law Firms are not trying to litigate that claim here, however, and if Ulico

chooses to bring that claim at some point, the obligations of the Absent Parties under

the Ulico Policy can be litigated at that time.

Courts have been clear to distinguish between an absent party's interest

in the specific claim before a court and the absent party's interest in a separate action

against the defendant.  The latter type of interest is not sufficient to qualify the absent

party as "necessary".  <u>Brown</u>, 339 F. Supp. at 343 (stating that even if absent insureds

have an interest, they may not be necessary parties).  In addition, even if such an

interest would make the Absent Parties "necessary" – and it does not – they still would not be "indispensable" to the adjudication of this case.

Ulico asserts that the possibility that it will be subjected to subsequent litigation of related issues is sufficient to warrant a dismissal. This assertion is wrong. First, as set out above, the issues involved in the present action are specific and limited, and will not subject Ulico to multiple litigation. <u>Delgado v. Plaza Las Americas</u>, 139 F.3d 1, 3 (1st Cir. 1998) (holding that an interest was not impaired because "where two suits arising from the same incident involve different causes of action, defendants are not faced with potential for double liability"). Second, as established in <u>Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 409 (3d Cir. 1993):

> the mere presentation of an argument that issue preclusion is possible is not enough to trigger Rule 19(a)(2)(i). Rather, it must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments.

<u>Janney</u>, 11 F.3d at 409. Even if the Absent Parties brought another suit based on the same incident, any such suit necessarily would involve different causes of action. Accordingly, Ulico is not subject to any risk of double liability and the Absent Parties are not necessary to the present action.[3]

---

[3]      The Supreme Court has held that an absent party is not an indispensable party even where the absent party already was pursuing an action in state court regarding the same events that were at issue in the federal court action in which the motion to dismiss was brought. <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 127-28 (1968) (interest of party already litigating in state court over same car accident at issue in federal court action was not implicated in the federal court action because "[t]he issues before the state courts in the tort actions were not the same as the issues presented by this case" between different parties).

Ulico has failed to show that the resolution of the instant action would affect an interest material to the Absent Parties' rights or duties.[4]  Unlike the present case, several of the cases relied upon by Ulico implicate the absent party's interest because the absent party already was involved in a separate litigation against one of the named parties.  Hoover v. Gersham Inv. Corp., 774 F. Supp. 60 (D. Mass. 1991) (where the absent party was involved in a separate litigation regarding the property that was the subject matter of the case pending before the district court); Nat'l Union Fire Ins. Co. of Pittsburgh v. Mass. Municipal Wholesale Elec. Co., 117 F.R.D. 321 (D. Mass. 1987) ("Massachusetts Municipal") (where the "necessary" party had a pending arbitration against the insured).  Other cases relied upon by Ulico also are inapplicable to the present action because the courts in those cases found independent jurisdictional grounds for dismissal and did not need to conduct a thorough Rule 19 analysis.  Lopez v. Arraras, 606 F.2d 347 (1st Cir. 1979); The Home Ins. Co. of Illinois v. ADCO Oil Co., 154 F.3d 739 (7th Cir. 1998).

The two cases principally relied upon by Ulico, Acton Co. Inc. of Mass. v. Bachman Foods, Inc., 668 F.2d 76 (1st Cir. 1982) ("Acton") and Massachusetts Municipal, are factually and legally distinguishable from the instant action.  In Acton, the court dismissed the action only after finding that the absent party was indispensable.  Id.  The absent party in Acton, however, was the parent company of the subsidiary

---

[4]    Moreover, Ulico's arguments regarding issue preclusion are inapplicable here, as that doctrine only precludes parties to a prior litigation from re-litigating the same issues.  Issue preclusion cannot apply against the Absent Parties.  Even if this Court finds that issue preclusion could be applied by the Absent Parties against Ulico, there would be no prejudice to Ulico, as it will have a full opportunity to litigate any such issues in this action.  Neither Ulico nor the Court should be concerned that the Absent Parties' interests will be harmed by any decision rendered in this case.

corporation that had instituted the action.  Id.  Both the parent and subsidiary had

signed a contract with express language binding both parties and granting each party

the right to enforce the contract.  Id. at 78-79.  The breach of that contract was the sole

subject of the underlying action.

      In stark contrast to Acton, the Unpaid Law Firms in the present case are

not asserting claims that could be asserted by the Absent Parties.  Rather, the Unpaid

Law Firms assert claims based on their independent relationship and agreements with

Ulico.

      Massachusetts Municipal similarly is inapplicable because the court there

was asked to construe an insurance policy to determine the rights and obligations of the

insurance company and the policyholder.  117 F.R.D. at 322.  The court found that the

absent party was an additional insured under the same policy.  Id.  The present case is

distinguishable in that the Unpaid Law Firms are not asking this Court to determine the

scope of the Ulico Policy or to make any ruling concerning the rights of the Absent

Parties.  The Unpaid Law Firms only seek to enforce Ulico's obligation to pay for their

services.  Moreover, Massachusetts Municipal did not involve a motion to dismiss as the

absent party already had been named as a defendant and had moved to be dropped

from the action under Fed. R. Civ. P. Rule 21.  Id.  Therefore, Massachusetts Municipal

does not mandate dismissal in this case, in which complete relief can be accorded to

the named parties.

      Ulico has not met its burden of demonstrating that a material interest of

the Absent Parties will be implicated, even under the standard of "interest" set out in the

cases cited by Ulico.  The Absent Parties simply do not have a cognizable interest in

this action, and the resolution of this action will not lead to inconsistent results for Ulico

or the Absent Parties.  Even if Ulico somehow could be found to have inconsistent

obligations to the Absent Parties and the Unpaid Law Firms, this would not provide a

sufficient basis to deem the Absent Parties "necessary", much less "indispensable", to

the resolution of the dispute currently before this Court.  Brown, 339 F. Supp. at 343

(noting that the risk of multiple obligations "due not to the absence of the other directors,

but to the terms of the policy" did not necessitate joinder of the absent insureds).

3.    Even If The Absent Parties Had An Interest In The Present Action, Such Interest Is Adequately Represented By The Unpaid Law Firms, And Joinder Is Unnecessary

Ulico argues that the Absent Parties have an interest in the present action.

Ulico asserts that:  (1) the Absent Parties would be responsible for the Unpaid Law

Firms' legal fees if Ulico is not; and (2) the Absent Parties have an interest in the

underlying insurance policy and its construction.  Even if Ulico's presumptions were

correct, joinder of the Absent Parties still is unnecessary because any interest they may

have would be adequately represented by the Unpaid Law Firms.[5]

With respect to the legal fees, the Absent Parties share an interest with

the Unpaid Law Firms, which will be adequately represented without joinder.

Ferrofluidics Corp., 789 F. Supp. at 1208 (holding that absent parties were not

necessary because they shared the same interests with a named party); McCann, 788

F. Supp. at 122 (holding that "the interests of the absent parties are so closely aligned

with those of the defendants that these interests will be adequately protected even

---

[5]    Ulico does not state precisely what claims the Absent Parties should be making, but the only interest of the Absent Parties that is apparent from the Complaint and the Ulico Policy is their interest in seeing that their attorneys are paid for the work that they have performed.

though the case will go forward without these parties"). With respect to the construction

of the Ulico Policy, to the extent that it is relevant at all in the present action, the Unpaid

Law Firms' interests are equal to those of the Absent Parties, whose interests will be

adequately represented.[6] Accordingly, joinder of the Absent Parties is not necessary,

as any interests they might have will be protected.

**B.    Ulico Misconstrues the Applicable Standard For Determining Whether Dismissal Is Required Under Rule 19.**

Ulico's motion to dismiss incorrectly applies Rule 19 within the context of a

Rule 12(b)(7) motion to dismiss. The Ulico Memo only considers the first subsection of

Rule 19, and erroneously concludes that once a party is deemed "necessary", the action

must be dismissed for failure to join that party. Dismissal is appropriate, however, only

when an absent party is indispensable and cannot be joined. Compare Ferrofluidics

Corp., 789 F. Supp. at 1208 ("A party is indispensable only if the claims raised cannot

be adjudicated without it.") with Sechrist v. Palshook, 95 F. Supp. 746 (M.D. Pa. 1951)

("necessary parties," as contrasted with "indispensable parties," are those whose

presence is necessary to adjudicate the entire controversy, but whose interests are

sufficiently separable that the court can proceed to final judgment without adversely

affecting them). See also Provident Tradesmens Bank & Trust Co. v. Patterson, 390

U.S. 102 (1968) (holding that party with an interest in the action was necessary but "did

not have an absolute, substantive right to be joined and thus was not an 'indispensable

---

[6]    In addition, any potential obligation of the Absent Parties to repay fees to Ulico pursuant to the Ulico Policy is not implicated or prejudiced by the present action. Under the Complaint, Ulico has an obligation to pay the Unpaid Law Firms based on direct agreements between Ulico and the Unpaid Law Firms, irrespective of the Ulico Policy. These agreements, which are outside the scope of the Ulico Policy, created obligations beyond those set forth in the Ulico Policy, which, therefore, cannot subject the Absent Parties to repayment.

party' whose nonjoinder required dismissal of the action"); McRanie v. Palmer, 2 F.R.D. 479 (D. Mass. 1942) (noting that "necessary" and "indispensable" are separate and distinct).

Rule 19 establishes a three-step test that a court must apply before it can properly grant a motion to dismiss:  (1) the court must determine whether the party is necessary; (2) if the party is deemed necessary, the court must determine whether the party can be joined; and (3) if the necessary party cannot be joined, the court must determine whether it can proceed without the necessary party, in equity and good conscience.  Fed. R. Civ. P. 19.  A court cannot dismiss an action unless it has analyzed all three prongs of the test and determined that a party is "indispensable".  Id. Ulico "misconceive[s] the function and purpose of Rule 19, which requires dismissal of an action only after the court determines that a person described under subdivision (a) thereof should be joined but cannot be."  Three Rivers Cablevision, Inc. v. City of Pittsburgh, 502 F. Supp. 1118, 1137 (W.D. Pa. 1980).

Ulico further conflates the Rule 19 standard for joinder of a necessary party and the Rule 12(b)(7) standard for a motion to dismiss for failure to join an indispensable party by citing incorrectly the holding of Lambergs v. Total Health Systems, Inc., No. 88-0670-Z, 1989 WL 63243, at *1 (D. Mass. June 5, 1989).  Ulico claims that Lambergs stands for the proposition that "[o]nly one of these [Rule 19] criteria need be shown to warrant dismissal under Rule 12(b)(7)".  See Ulico Memo at 7. However, the Lambergs Court actually held that meeting any one of the criteria listed in Rule 19(a) merely establishes that a party is necessary – not that dismissal is required. 1989 WL 63243 at *3-4.  In fact, after finding that one of the Rule 19(a) categories had

been proven, the <u>Lambergs</u> Court properly exercised its discretion not to dismiss the action, and simply joined the necessary party instead.  <u>Id.</u>

Accordingly, under a correct application of Rule 19, this Court should deny Ulico's motion to dismiss.

### C. Even If This Court Finds That the Absent Parties Are Necessary Parties, Dismissal Is Not Required.

Contrary to the presumptions stated in the Ulico Memo, a determination that a party is "necessary" does not mean that an action should be dismissed.  If this Court finds that the Absent Parties are necessary parties, there are two methods by which the Court can allow this action to proceed:  (1) the Court can order that any necessary parties be joined; or (2) where joinder is not feasible, the Court can allow the action to proceed without the "necessary" party if it can do so in "equity and good conscience" by finding that the Absent Parties are not indispensable.  Fed. R. Civ. P. 19.

#### 1. Once Jurisdiction Has Been Established, Dismissal Is Disfavored.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and the controversy is between citizens of different states.  Having established jurisdiction, this Court only should dismiss the action if it cannot proceed without subjecting the named parties, or the Absent Parties, to substantial prejudice.  "As a general rule, courts prefer to avoid dismissing the action.  Thus, 'very few cases should be terminated due to the absence of non-diverse parties unless there has been a reasoned determination that their non-joinder makes just resolution of the action impossible.'"  <u>Travelers Indemnity</u>, 865 F. Supp. at 1088 (citing <u>Jaser v. New York Property Ins. Underwriting Ass'n</u>, 815 F.2d 240,

242 (2d Cir. 1987)); Rickles, Inc. v. Frances Denney Corp., 508 F. Supp. 4, 7 (D. Mass.

1981) (refusing to dismiss because of the drastic nature of such dismissal); see also

Limone v. Condon, 372 F.3d 39, 42 (1st Cir. 2004) (holding that courts should construe

all evidence in favor of the party opposing the motion to dismiss); Moldflow Corp. v.

Simon, Inc., 296 F. Supp. 2d 34, 45 (D. Mass. 2003) (same).

> 2.    If the Absent Parties Are Deemed "Necessary", the Action Should Continue and the Absent Parties Should Be Joined.

If this Court determines that the Absent Parties are necessary parties, it

should order their joinder rather than dismissing the action.  Wright Farms Construction,

Inc. v. Kreps, 444 F. Supp. 1023, 1028 (D. Vt. 1997) (holding that an absent party was

necessary, but that "obviously joinder, not dismissal for failure to join, is the proper way

to proceed if the proposed party is indispensable to determination of the matter").

Ulico, which bears the burden of establishing the requirements of

dismissal, has failed to allege that joinder of the Absent Parties would not be feasible.

There is no obstacle to the joinder of the Absent Parties.  In fact, Ulico has failed to

allege a single reason that joinder of the Absent Parties would not be feasible.  If this

Court finds that the Absent Parties are necessary to a just adjudication of the Unpaid

Law Firms' claims, then it should order the joinder of the Absent Parties as it is

authorized to do under Rule 19(a).  Fed. R. Civ. P. 19(a) ("If the person has not been so

joined, the Court shall order that the person be made a party.  If the person should join

as a plaintiff but refuses to do so, the person may be made an involuntary plaintiff.").[7]

---

[7]    Joining the Absent Parties would not present a jurisdictional obstacle to this Court. Though the Absent Parties are Massachusetts citizens for jurisdictional purposes, their joinder as defendants would not destroy diversity jurisdiction.  When determining jurisdiction, this Court must look beyond the pleadings and align joined parties according to their interests for jurisdictional purposes.  Eikel v. States Marine Lines, Inc., 473 F.2d 959, 963 (5th Cir. 1973)

3.    <u>If This Court Finds That Joinder Is Not Feasible, Dismissal Is Not Required Because the Court Can Proceed "In Equity and Good Conscience" Without the Absent Parties.</u>

Even if this Court were to find that it was required to align the Absent

Parties with Ulico for jurisdictional purposes, dismissal still would not be required under

Rule 19.  A court should not dismiss an action where joinder of a necessary party is not

feasible unless the Court finds that it cannot proceed without the party in "equity and

good conscience."  Fed. R. Civ. P. 19(b).  Though the rule provides a list of factors[8] to

guide the Court, it "allows the Court to determine the emphasis to be placed on each

consideration according to the facts of the case and in light of the 'equity and good

conscience' test."  <u>Royal Ins., Co. v. Caleb V. Smith & Son, Inc.</u>, No. 3:90CV651(WWE),

1997 WL 835058, at * 2 (D. Conn. June 16, 1997).

The factors under the "equity and good conscience" test weigh in favor of

this Court maintaining jurisdiction to resolve the Unpaid Law Firms' claims.  The Court

can allow this action to proceed without the Absent Parties.  A judgment rendered in this

---

("While [joined party] would properly be designated a 'defendant' under Rule 19(a) for purposes of process and procedure, in determining the status of the parties for diversity purposes, it is well established that the Court must look beyond the pleadings to the matters actually in controversy.").  Accordingly, here, if the Court decides that it must join the Absent Parties, they can be aligned with the Unpaid Law Firms in order to maintain diversity jurisdiction and allow the action to proceed.  Federal case law supports this result.  <u>See, e.g.</u>, <u>Lennox Indus., Inc. v. Caicedo Yusti</u>, 172 F.R.D. 617, 623-24 (D.P.R. 1997) (holding that [t]he "First Circuit aligns parties by 'determining the primary and controlling matter in dispute' and then determines whether any actual collision in interests remains."); <u>Int'l Rediscount Corp. v. Harford Accident and Indemnity Co.</u>, 425 F. Supp. 669, 675 (D. Del. 1977) (where a party was joined as defendant and then realigned by the Court).

[8]    Rule 19(b) provides: "The factors to be considered by the Court include:  first to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."  Fed. R. Civ. P. 19(b).

action would prejudice neither the Absent Parties nor the named parties.  This Court would be determining only the discrete issue of the Unpaid Law Firms' right to recover payment of their legal fees from Ulico.  Ulico would not be prejudiced because any subsequent litigation between the Absent Parties and Ulico would involve different causes of action based on coverage under the Ulico Policy.

This Court has the discretion to fashion whatever remedy is necessary in order to protect the interests of the Absent Parties.  McCann, 788 F. Supp. at 121 (D.P.R. 1992) (holding that a court has discretion to shape its decree to accord relief to the present parties without joining others and that "third parties must be joined only where a flexible decree is impossible"); Royal Ins. Co., 1997 WL 835058, at *4 (holding that courts have discretion to take a flexible approach to adjudicating parties' rights in lieu of dismissal).  Any judgment rendered by this Court would completely resolve any controversy between the named parties.  The instant action is the most efficient way to resolve the Unpaid Law Firms' claim for legal fees, and all the parties needed to resolve those claims have already been named.

## IV.    **CONCLUSION**

   For all of the foregoing reasons, Plaintiffs respectfully request that this

Court deny Defendant's motion to dismiss.


       KELLY LIBBY & HOOPES, P.C.,
       and
       GREENBERG TRAURIG LLP,
       By their attorneys

       /S/_____
       David Burgess (BBO# 553783)
       37 Main Street
       Concord, MA 07142-2529
       Tel: (978) 371-1900
       Fax: (978) 371-1144

       William G. Passannante
       Alex D. Hardiman
       ANDERSON KILL & OLICK, PC
       1251 Ave of the Americas
       New York, NY 10020
       Tel:  (212)-278-1471
       Fax:  (212)-278-1733