UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY LIBBY & HOOPES, P.C., and GREENBERG TRAURIG LLP, <br><br> Plaintiffs, <br><br> vs. <br><br> ULICO CASUALTY COMPANY, <br><br> Defendant. | Civil Action No. 05-11859 (RCL) |

**DEFENDANT'S MOTION FOR LEAVE TO SUBMIT REPLY BRIEF**

Defendant Ulico Casualty Company ("Ulico"), pursuant to Local Rule 7.1(b)(3), hereby moves for leave to submit a four page reply brief[1] to plaintiffs' Opposition to Ulico's Motion To Dismiss.

In support thereof, Ulico submits the accompanying memorandum of law. A proposed form order is also provided for the Court's consideration.

**CERTIFICATION**

Ulico's counsel certify that, pursuant to LR 7.1(a)(2), counsel for Ulico attempted to obtain consent from plaintiffs' counsel to file this motion but were unable to do so.

WHEREFORE, Ulico respectfully requests that it be granted leave to file the reply brief.

---

[1] A copy of Ulico's reply brief is attached hereto as Exhibit A.

| | |
|---|---|
| Dated: December 9, 2005 | ULICO CASUALTY COMPANY,<br>By its attorneys,<br><br>/s/ Lon A. Berk<br>Lon A. Berk (BBO# 546835)<br>HUNTON & WILLIAMS, LLP<br>1751 Pinnacle Drive, Suite 1700<br>McLean, Virginia 22102<br>(703) 714-7400 (Telephone)<br>(703) 918-4050 (Facsimile)<br>E-Mail: lberk@hunton.com |

*Of Counsel:*

Michael S. Levine
Syed S. Ahmad
HUNTON & WILLIAMS, LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703) 714-7400 (Telephone)
(703) 918-4050 (Facsimile)

---
DEFENDANT'S MOTION FOR LEAVE TO SUBMIT REPLY BRIEF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY LIBBY & HOOPES, P.C., and GREENBERG TRAURIG LLP, <br><br> Plaintiffs, <br><br> vs. <br><br> ULICO CASUALTY COMPANY, <br><br> Defendant. | Civil Action No. 05-11859 (RCL) <br><br> **ORAL ARGUMENT REQUESTED** |

**PROPOSED DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**I.     INTRODUCTION**

By this lawsuit, plaintiffs attempt to recover legal fees from Ulico Casualty Company ("Ulico") under a contract for insurance (the "Ulico Contract") between Ulico and Teamsters Union 25 Health Services and Insurance Plan and Teamsters Care Staff 401(k) Plan (collectively, the "Absent Named Insureds").  The Absent Named Insureds are not parties to this lawsuit, even though they and other insureds, William Cashman and George Carnes, have a direct financial interest in the lawsuit's outcome.  These parties, therefore, are necessary parties. Accordingly, Ulico has moved to dismiss the lawsuit pursuant to Fed. R. Civ. P. 12 and 19.

In their opposition to Ulico's motion, plaintiffs admit that any interpretation of the Ulico Contract implicates the interests of the Absent Named Insureds and Messrs. Cashman and Carnes, but contend that plaintiffs' causes of action are not "connected in any way" to the Ulico Contract. Instead, plaintiffs allege that their claims are based upon "independent" alleged agreements between Ulico and plaintiffs.  Given plaintiffs' representations in their opposition, Ulico respectfully requests that all counts in plaintiffs' complaint that implicate the Ulico Contract be dismissed or, alternatively,

that the entire lawsuit be dismissed for failure to join the Absent Named Insureds and Messrs. Cashman and Carnes.[1] If, as plaintiffs contend, their claims arise under independent agreements with Ulico, not under the Ulico Contract, then claims under the Ulico Contract should be dismissed; and, if, as plaintiffs admit, the financial interests of the Absent Named Insureds and Messrs. Cashman and Carnes would be implicated, the Court should dismiss this lawsuit unless the Absent Named Insureds and Messrs. Cashman and Carnes are joined.

## II.     ARGUMENT

### A.     Plaintiffs' Claims Based On The Ulico Contract Should Be Dismissed.

Plaintiffs contend in their opposition that dismissal is inappropriate because this dispute turns not on the Ulico Contract, but upon separate "agreements" that plaintiffs allege exist between Ulico and plaintiffs. (Opp'n Br. at 4-5.) Plaintiffs state:

> As pleaded, [plaintiffs'] causes of action against Ulico are based on Ulico's conduct and the separate agreements between Ulico and [plaintiffs] – not on the Ulico [Contract].

(Opp'n Br. at 9.) Notwithstanding, in their complaint, plaintiffs assert causes of action based expressly on the Ulico Contract. For instance, in Count II of their Complaint, plaintiffs allege a breach of the Ulico Contract. (Compl. ¶¶ 55-63.)[2] In addition, plaintiffs allege that Ulico breached the covenant and duty of good faith and fair dealing under the Ulico Contract. (Compl. ¶¶ 76-86.)

---

[1] Plaintiffs claim that Ulico "conflates the Rule 19 standard for joinder of a necessary party and the Rule 12(b)(7) standard for a motion to dismiss…." (Opp'n Br. at 15.) Plaintiffs are wrong, as shown by the very case they cite for support. According to Plaintiffs, this district, in *Lambergs v. Total Health Systems, Inc.*, No. 88-0670-Z, 1989 WL 634243 (D. Mass. June 5, 1989), "properly exercised its discretion not to dismiss the action…." (Opp'n Br. at 16.) In *Lambergs*, however, the court held that "the motion to dismiss for failure to join a necessary party *is allowed*" unless plaintiff joined the necessary party. *Lambergs*, 1989 WL 634243, at *4 (emphasis added). That is precisely what Ulico has requested as relief here.

[2] Plaintiffs also allege they are intended third-party beneficiaries under the Ulico Contract. (Compl. ¶ 56.) This allegation, which is not supported by the plain and unambiguous language of the Ulico Contract, is directly undercut by Plaintiffs' own substantive arguments in opposition to Ulico's motion to dismiss. (*See* Opp'n Br. at 6.) (Plaintiffs' causes of action are "not based on the Ulico [Contract].") Thus, counts based upon this allegation should be dismissed as well.

---

Given plaintiffs' contention in their opposition that their claims against Ulico are all based upon independent alleged agreements, not upon the Ulico Contract, these counts should be dismissed.

### B. Alternatively, If The Lawsuit Is Based On The Ulico Contract, Plaintiffs Failed To Join Necessary Parties.

Plaintiffs have also conceded that interpreting the Ulico Contract will implicate the interests of the Absent Named Insureds and Messrs. Cashman and Carnes, parties not joined in the lawsuit. (Opp'n Br. at 2, 6, 9.) As such, unless the counts based upon the Ulico Contract are dismissed, as requested above, these non-parties should be joined. In their opposition, plaintiffs acknowledge that if the lawsuit concerned the Ulico Contract, then the Absent Parties' interests would be implicated. (Opp'n Br. at 9.) This concession is necessary because, as explained in Ulico's opening brief, the Absent Named Insureds and Messrs. Cashman and Carnes are obligated to repay any "claims expenses" paid by Ulico under the Ulico Contract. If causes of action based upon the Ulico Contract are not dismissed, then as shown in Ulico's opening brief, absent the presence of these non-parties, complete, consistent, relief cannot be afforded in this action.

Hoping to avoid this conclusion, plaintiffs misread *Brown v. Am. Int'l Group, Inc.*, 339 F. Supp.2d 336 (D. Mass. 2004). (Opp'n Br. at 7.) Unlike in *Brown*, the Ulico Contract provides that Ulico will advance "claims expenses . . . subject to the insureds' agreement to repay such claims expenses [if] there is no coverage for such claims...." (Opening Br., Ahmad Aff. ¶ 3, Ex. 1, Section (II).) Ulico, therefore, is entitled to seek reimbursement from the Absent Named Insureds and Messrs. Cashman and Carnes collectively or individually for any amounts paid to plaintiffs. In *Brown*, on the other hand, each insured was to repay advanced payments "*severally* according to their interests." *Brown*, 339 F. Supp.2d at 343 (emphasis added). The Ulico Contract contains no such limitation. As such, *Brown* is inapposite.

### III.   CONCLUSION

For the reasons stated above, and in Ulico's opening brief, Ulico respectfully requests that this Court dismiss those counts relating to the Ulico Contract, or alternatively dismiss plaintiffs' complaint for failure to join necessary parties unless the Absent Named Insureds and Messrs. Cashman and Carnes are joined.

Dated: December 9, 2005

ULICO CASUALTY COMPANY,
By its attorneys,

/s/ Lon A. Berk
Lon A. Berk (BBO# 546835)
HUNTON & WILLIAMS, LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703) 714-7400 (Telephone)
(703) 918-4050 (Facsimile)
E-Mail: lberk@hunton.com

*Of Counsel:*

Michael S. Levine
Syed S. Ahmad
HUNTON & WILLIAMS, LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703) 714-7400 (Telephone)
(703) 918-4050 (Facsimile)

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|                                               |
| --------------------------------------------- |
| KELLY LIBBY & HOOPES, P.C.,                   |
| and                                           |
| GREENBERG TRAURIG LLP,                        |
|                                               |
| Plaintiffs,                                   |
|                                               |
| vs.                                           |
|                                               |
| ULICO CASUALTY COMPANY,                       |
|                                               |
| Defendant.                                    |

Civil Action No. 05-11859 (RCL)

### ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO SUBMIT REPLY BRIEF

THIS MATTER having been brought before the Court by Defendant's Motion For Leave To Submit Reply Brief;

It is on this _____ day of _____, _____, hereby,

ORDERED that Defendant's Motion is granted.

SO ORDERED,

Dated: Boston, Massachusetts
　　　　_____ ___, _____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　REGINALD C. LINDSAY,
　　　　　　　　　　　　　　　　　　　　　United States District Judge